1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   TERRY RAY HAWES,                        No. C 14-1855 WHA (PR)

11            Plaintiff,                     **ORDER OF DISMISSAL**

12     v.

13   JUDGE KELLY SIMMONS;
     GOVERNOR JERRY BROWN,
14
              Defendant.
15   _____/

16
                              **INTRODUCTION**
17
           This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a California
18
     prisoner.  He has been granted leave to proceed in forma pauperis in a separate order.  For the
19
     reasons discussed below, the complaint is **DISMISSED** without prejudice.
20
                               **DISCUSSION**
21
     A.    **STANDARD OF REVIEW**
22
           Federal courts must engage in a preliminary screening of cases in which prisoners seek
23
     redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
24
     1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims
25
     which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
26
     monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).
27
           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
28

*United States District Court*
For the Northern District of California

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2)

that the violation was committed by a person acting under the color of state law.  *West v. Atkins*,

487 U.S. 42, 48 (1988).

**B.      LEGAL CLAIMS**

Plaintiff claims defendants, a judge of the Marin County Superior Court and the

Governor of California, violated his constitutional rights to counsel and to a speedy trial in the

course of the criminal proceedings that led to his conviction and present incarceration.  He

seeks 25 million dollars in damages.

The United States Supreme Court has held that to recover damages for an allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 114 S. Ct.

2364, 2372 (1994).  Plaintiff's claims, if proven true, would render his conviction and sentence

invalid.  Therefore, under *Heck*, plaintiff cannot bring his claims until and unless he can show

United States District Court

For the Northern District of California

1    that his conviction has been overturned or otherwise called into question.  Accordingly, the

2    complaint will be dismissed without prejudice.  *See Alvarez-Machain v. United States*, 107 F.3d

3    696, 700-01 (9th Cir. 1997) (civil claims barred by *Heck* do not accrue until after plaintiff has

4    succeeded in the criminal realm).

5                                     **CONCLUSION**

6            For the reasons set out above, this action is **DISMISSED** without prejudice.

7    The clerk shall enter judgment and close the file.

8    **IT IS SO ORDERED.**

9

10   Dated: June ____9____, 2014.

11                                                      WILLIAM ALSUP
                                                        UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3